Betty A. Bomar Director Crime Victims Compensation Board Jayhawk Tower, Suite 400 700 S.W. Jackson Topeka, Kansas 66603-3757
Dear Ms. Bomar:
As director of the crime victims compensation board (board), you request our opinion regarding the authority of the board to award compensation to an applicant. Specifically, you ask whether the board may award compensation to a person who, while riding a bicycle, was struck by a motor vehicle. The driver of the motor vehicle has been charged with aggravated battery pursuant to subsection (a)(2)(A) of K.S.A. 1993 Supp. 21-3414. Pursuant to that subsection, aggravated battery is "recklessly causing great bodily harm to another person or disfigurement of another person. . . ." K.S.A. 1993 Supp. 21-3414. Aggravated battery as described in subsection (a)(2)(A) of K.S.A. 1993 Supp. 21-3414 is a severity level 5, person felony.
Pursuant to K.S.A. 74-7302, the board may award compensation for economic loss arising from criminally injurious conduct if satisfied by a preponderance of the evidence that the requirements for compensation have been met. Criminally injurious conduct is defined in K.S.A. 74-7301 such that it:
 "[S]hall not include conduct arising out of the ownership, maintenance or use of a motor vehicle, except for violations of K.S.A. 8-1567, and amendments thereto, or violations of municipal ordinances prohibiting the acts prohibited by that statute, or when such conduct was intended to cause personal injury or death." (Emphasis added.)
K.S.A. 1993 Supp. 8-1567 prohibits a person from operating, or attempting to operate, a motor vehicle while under the influence of alcohol or drugs.
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). When a statute is plain and unambiguous, the court must give effect to the intent of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992).
The applicable provisions of K.S.A. 74-7301 and 74-7302 are plain and unambiguous. In order to qualify for an award of compensation, a person must show economic loss arising from criminally injurious conduct. In situations in which injury was incurred due to the operation of a motor vehicle, the driver of the motor vehicle must have been in violation of K.S.A. 8-1567, i.e. operating the vehicle while under the influence of alcohol or drugs, or the driver of the motor vehicle must have intended to cause the injury or death.
In the situation before the board, the applicant incurred injuries as a result of the operation of a motor vehicle. The board has not been presented with any information or proof that the driver of the motor vehicle was operating the vehicle while under the influence of alcohol or drugs, or intended to cause the injuries suffered by the applicant. The charges filed against the driver of the motor vehicle are based on reckless actions of the driver, not intentional actions. Under such circumstances, the board does not possess the authority to award compensation to the applicant.
There has been an inquiry as to whether such a classification results in a violation of the equal protection clause of the United States constitution and sections 1 and 2 of the bill of rights of the Kansas constitution. The fourteenth amendment of the United States constitution provides:
 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
Sections 1 and 2 of the Kansas bill of rights are a counterpart to the equal protection clause of the United States constitution. Leiker v.Gafford, 245 Kan. 325, 362 (1989); see Sharples v. Roberts, 249 Kan. 286,289 (1991); Moody v. Board of Shawnee County Commissioners, 237 Kan. 67,74 (1984); Ferguson v. Garmon, 643 F. Supp. 335 (D.Kan. 1986).
 "sec. 1. Equal rights. All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness.
 "sec. 2. Political power; privileges. All political power is inherent in the people, and all free governments are founded on their authority, and are instituted for their equal protection and benefit. No special privileges or immunities shall ever be granted by the legislature, which may not be altered, revoked or repealed by the same body; and this power shall be exercised by no other tribunal or agency." Kan. Const., Bill of Rights, secs. 1, 2.
Equal protection arguments under the Kansas constitution and the United States constitution are generally based upon allegations that a particular statutory classification denies to the person or parties falling within the classification some right which is not denied to others alleged to be similarly situated. Bair v. Peck, 248 Kan. 824, 830
(1991). The protections afforded by sections 1 and 2 being duplicative of those provided by the fourteenth amendment, the test for constitutional transgression should also be identical; if a law does not violate the fourteenth amendment of the United States constitution, neither does it violate sections 1 and 2 of the bill of rights of the Kansas constitution. Leiker v. Employment Security Board of Review,8 Kan. App. 2d 379, 387 (1983).
Equal protection analysis must begin with a determination of the applicable level of judicial scrutiny to be applied in analyzing the statute in question. Bair v. Peck, 248 Kan. 824, 830 (1991); GuardianTitle Co. v. Bell, 248 Kan. 146, 155 (1991). Strict scrutiny review — the most exacting standard of review under the equal protection clause — is reserved for statutes or state constitutional amendments that discriminate against members of traditionally suspect classes, see, e.g.,Graham v. Richardson, 403 U.S. 365, 372, 29 L.Ed.2d 534, 91 S.Ct. 1848
(1971) (alienage); Loving v. Virginia, 388 U.S. 1, 11, 18 L.Ed.2d 1010,87 S.Ct. 1817 (1967) (race); Korematsu v. United States, 323 U.S. 214, 216,89 L.Ed. 194, 65 S.Ct. 193 (1944) (national ancestry and ethnic origin), or infringe on any fundamental constitutional right, City of Cleburne v.Cleburne Living Center, Inc., 473 U.S. 432, 440, 87 L.Ed.2d 313,105 S.Ct. 3249 (1985). Laws that are subject to strict scrutiny review will be sustained only if they are supported by a compelling state interest and are narrowly drawn to achieve that interest in the least restrictive manner possible. Plyler v. Doe, 457 U.S. 202, 217,72 L.Ed.2d 786, 102 S.Ct. 2382 (1982).
Intermediate review, which requires a showing that the law in question is substantially related to a sufficiently important governmental interest, Mississippi University for Women v. Hogan, 458 U.S. 718, 724,73 L.Ed.2d 1090, 102 S.Ct. 3331 (1982), has been applied in the context of laws which draw distinctions based on gender, Mississippi Universityfor Women, 458 U.S. at 723-24, and illegitimacy, Lalli v. Lalli,439 U.S. 259, 265, 58 L.Ed.2d 503, 99 S.Ct. 518 (1978), but not to those laws which create differential treatment based on age, MassachusettsBoard of Retirement v. Murgia, 427 U.S. 307, 313, 49 L.Ed.2d 520,96 S.Ct. 2562 (1976).
In those instances in which no suspect classification or quasi-suspect classification has been set forth and no fundamental rights are at issue, the least strict level of scrutiny is appropriate. Guardian TitleCo., 248 Kan. at 155. Traditionally, the yardstick for measuring equal protection arguments has been the reasonable basis test. Bair,248 Kan. at 831. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. McGowan v. Maryland, 366 U.S. 420, 425-26, 6 L.Ed.2d 393,81 S.Ct. 1101 (1961); Guardian Title Co., 248 Kan. at 155.
The classification established in K.S.A. 74-7301 results in neither discrimination against members of traditionally suspect or quasi-suspect classes, nor infringement on any fundamental constitutional right. The classification is therefore subject to the least strict level of scrutiny and will not be set aside if any set of facts reasonably may be conceived to justify it. The equal protection guarantee does not prohibit or prevent classification, provided such classification of persons or things is reasonable for the purpose of the legislation, is not clearly arbitrary, is based on proper and justifiable distinctions, considering the purpose of the law, and is not a subterfuge to shield one class or unduly to burden another or to oppress unlawfully in its administration. 16A Am.Jur.2d Constitutional Law sec. 746, 803 (1979). If the classification has some reasonable basis, it does not offend the constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality. Duckworth v. City of Kansas City, 243 Kan. 386, 390 (1988).See also Schweiker v. Wilson, 450 U.S. 221, 67 L.Ed.2d 186, 101 S.Ct. 1074
(1981).
The purpose of the board is to award compensation, within the limits of appropriations, for economic loss arising from criminally injurious conduct. Although the legislative history does not indicate the purpose for excluding from compensation persons whose injuries were unintentionally inflicted by others in the operation of a motor vehicle, legitimate purposes for such classifications may certainly exist. See
K.S.A. 40-3101 et seq. Because legislative classifications have a presumption of constitutionality, New York State Club Ass'n v. City of NewYork, 487 U.S. 1, 17, 101 L.Ed.2d 1, 108 S.Ct. 2225 (1988), and no evidence which would override such a presumption has been presented, the classifications set forth in K.S.A. 74-7301(e)(1)(B) are deemed to be legitimate. Such classifications will not result in a violation of the equal protection clause of the United States constitution or sections 1
or 2 of the bill of rights of the Kansas constitution.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm